UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**JOHN PHILIP WHEATLEY**                                                                                    **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO. 1:20-CV-P127-GNS**

**ALEX WRIGHT** *et al.*                                                                                    **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* civil rights-action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff John Philip Wheatley leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Warren County Regional Jail (WCRJ). He brings this suit against the WCRJ; the Bowling Green Police Department (BGPD); and BGPD Detective Alex Wright.

Plaintiff makes the following allegations:

On 12-5-19 at approximately 1800 hours I John Wheatley was escorted to Florida Room at [WCRJ] were I met with 3 officers one being Detective Alex Wright Badge # 128 of BGPD, Officer Wright advised me that he needed me to talk to him, when I advised them I would not speak without lawyer present he grabbed me by the shirt and assaulted me at which point I stepped out of room and advised . . . WCRJ staff of the incident.

BGPD is being sued for allowing Detective Wright to commit assault on inmate . . . .

[WCRJ] failed to provide proper and correct duty to protect an inmate under "Tort law" by failing to produce evidence in video on 12-5-19 at around 1800 hours. On Report filed by Deputy Randy on 2/4/20 . . . told me [] that cameras only went back 60 days. But also C.O. Randy told me it shows me escorted to Booking and after walking in Florida Room it dwent blank. Now Report is signed by Sergeant Kinslow and Captain [] Ziga. Those two WCRJ staff reviewed cameras and stated on

> Report, made on 2/4/20 . . . that cameras only went back to 12/5/19 at 2206 meaning a whole day was erased wich is the day of incident which started at 1800 hours so Someone had to tamper with evidence, because from 2/4/20 to 12/5/19 is 59 days so one day is magically lost.

As relief, Plaintiff seeks damages and that Defendant Wright be charged with assault.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979),

or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Defendant Wright**

The Court first addresses Plaintiff's claim against Defendant Wright. Plaintiff indicates that he is bringing constitutional claims against Defendant Wright under the Fourth, Fifth, and Eighth Amendments. However, an excessive-force claim against a pretrial detainee is analyzed under the Fourteenth Amendment. The relevant inquiry into such a claim is whether the force purposely or knowingly used against the prisoner was objectively unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015); *see also Coley v. Lucas Cty.*, 799 F.3d 530, 538 (6th Cir. 2015) (citing *Kingsley*). This inquiry is "highly fact-dependent" and must consider the government's "legitimate interests" managing correctional facilities in pursuing "to preserve

internal order and discipline and to maintain institutional security." *Coley*, 799 F.3d at 538 (quoting *Kingsley*, 576 U.S. at 387).

Here, other than stating that Defendant Wright grabbed his shirt, Plaintiff has failed to describe the alleged assault in any detail, including the extent of Plaintiff's injury, if any. This allegation is too vague and conclusory to state a Fourteenth Amendment excessive-force claim against Defendant Wright under *Iqbal* and *Twombly*. Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted. *See, e.g.*, *Riddle v. Rivard*, No. 14-11092, 2015 U.S. Dist. LEXIS 725, at *5 (E.D. Mich. Jan. 6, 2015) (dismissing vague allegation of assault by a prison official); *Tillman v. Huss*, No. 1:13-cv-297, 2013 U.S. Dist. LEXIS 116761, at *29 (W.D. Mich. Aug. 19, 2013) (same); *Theriot v. Durano*, No. 5:12-cv-11629, 2012 U.S. Dist. LEXIS 77891, at *3-4 (E.D. Mich. June 5, 2012) (same).

### B. Defendant BGPD

The Court next turns to Plaintiff's claim against Defendant Wright's employer, the BGPD. The BGPD is not an entity subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Rather, any claim against it is actually against the City of Bowling Green as the real party in interest. *Id.* ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

When a § 1983 claim is made against a municipality, such as the City of Bowling Green, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Because the Court has determined that Plaintiff has failed to satisfy the first prong, *i.e.*, failed to plead that any harm

suffered by Defendant Wright was caused by a constitutional violation, the Court will dismiss Plaintiff's claim against the BGPD for failure to state a claim upon which relief may be granted.

### C. Defendant WCRJ

Plaintiff next turns to Plaintiff's claim against Defendant WCRJ. This claim is based upon Plaintiff's allegation that WCRJ officers "tampered" with the surveillance video which would have shown his assault by Defendant Wright. Because a jail is not an entity subject to suit under § 1983, Plaintiff's claim against the WCRJ is actually against Warren County. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *5 (6th Cir. Nov. 6, 2000).

"A municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Indeed, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id*.; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff's claim against the WCRJ fails because he has not alleged that any constitutional violation committed by WCRJ officials occurred as the result of a policy or custom implemented

or endorsed by Warren County. Thus, the Court will dismiss Plaintiff's claim against the WCRJ for failure to state a claim upon which relief may be granted.

### D. Injunctive Relief

Finally, the Court turns to Plaintiff's request that Defendant Wright be charged with assault. As a private citizen, Plaintiff cannot initiate criminal charges against anyone. *See, e.g.*, *Martin v. Koljonen*, 89 F. App'x 567, 568 (6th Cir. 2004) ("Private citizens, whether or not they are prisoners, simply cannot compel a criminal investigation or prosecution against another.") (citations omitted); *Gonzalez v. Perez*, No. 98-6575, 2000 U.S. App. LEXIS 2431, at *6 (6th Cir. Feb. 14, 2000) ("[T]he authority to initiate a criminal complaint rests solely with state and federal prosecutors[.]") (citation omitted). Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

The Court will enter a separate Order dismissing this action for the reasons stated herein.

Date:   August 10, 2020

Greg N. Stivers, Chief Judge  
United States District Court

cc:     Plaintiff, *pro se*  
        Defendants  
        Warren County Attorney  
        City of Bowling Green Attorney  
4416.011